IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 17-1946
_____

G. RUSSELL WARNICK,

Appellant,

v.

RICHARD ARROWSMITH, AS LIQUIDATING TRUSTEE
OF THE HDL LIQUIDATING TRUST,

Appellee.

Appeal from the United States District Court
For the Eastern District of Virginia
At Richmond
*The Honorable John A. Gibney, Jr., District Judge*

_____

**APPELLEE'S REPLY IN SUPPORT OF MOTION TO DISMISS APPEAL
AND IN RESPONSE TO APPELLANT G. RUSSELL WARNICK'S
MOTION FOR LEAVE TO FILE STATEMENT OF ISSUES AND
RECORD DESIGNATIONS OUT OF TIME**

_____

| | |
|---|---|
| Cullen D. Speckhart (VSB No. 79096) | Richard S. Kanowitz (admitted) |
| **WOLCOTT RIVERS GATES** | Evan M. Lazerowitz (admitted) |
| 919 E. Main Street, Richmond, VA 23219 | **COOLEY LLP** |
| 200 Bendix Road, Ste. 300 Virginia Beach, VA 23452 | 1114 Avenue of the Americas New York, New York 10036 |
| Telephone:  (757) 497-6633 | Telephone: (212) 479-6000 |
| Direct:          (757) 470-5566 | Facsimile: (212) 479-6275 |
| Email:          cspeckhart@wolriv.com | Email: rkanowitz@cooley.com |
| | Email: elazerowitz@cooley.com |
| *Counsel to Richard Arrowsmith, Liquidating Trustee of the HDL Liquidating Trust* | *Counsel to Richard Arrowsmith, Liquidating Trustee, and the Liquidating Trust Oversight Committee.* |

## TABLE OF CONTENTS

Page

ARGUMENT ................................................................................................................ 1

    I.    APPELLANT LACKS STANDING TO PROSECUTE THIS APPEAL ............. 1

    II.   THE APPEAL IS EQUITABLY MOOT ............................................................ 4

    III.  APPELLANT'S MOTION FOR LEAVE TO FILE STATEMENT OF ISSUES AND RECORD DESIGNATIONS OUT OF TIME SHOULD BE DENIED ............................................................................................................ 7

CONCLUSION ............................................................................................................ 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re SPR Corp.*,
  45 F.3d 70 (4th Cir. 1995) ...................................................................................7

*FW/PBS, Inc. v. City of Dallas*,
  493 U.S. 215 (1990) ............................................................................................4

*Haver v. Jahanian*,
  No. 1:11-CV-723, 2011 WL 5196506 (E.D. Va. Oct. 31, 2011),
  *aff'd*, 479 F. App'x 451 (4th Cir. 2012) ..............................................................8

*In re JMC Memphis, LLC*,
  655 F. App'x 802 (11th Cir. 2016) .....................................................................6

*Kane v. Johns-Manville Corp.*,
  843 F.2d 636 (2d Cir. 1988) ...............................................................................1

*Mac Panel Co. v. Virginia Panel Corp.*,
  283 F.3d 622 (4th Cir. 2002) ..........................................................................4, 5

*Musilino v. Ala. Marble Co. (In re Ala. Marble Co.)*,
  534 B.R. 820 (N.D. Ala. 2015) ...........................................................................6

*In re Serra Builders, Inc.*,
  970 F.2d 1309 (4th Cir. 1992) ............................................................................7

*In re Tribune Media Co.*,
  799 F.3d 272 (3d Cir. 2015) (Ambro, J., concurring) ........................................5

*United States v. Blair*,
  661 F.3d 755 (4th Cir. 2011) ..............................................................................2

*In re Urban Broad. Corp.*,
  401 F.3d 236 (4th Cir. 2005) ..............................................................................2

*In re Weiss*,
  111 F.3d 1159 (4th Cir. 1997) ............................................................................8

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

**Statutes**

Virginia Code
  § 8.01-35.1 ................................................................................................2, 3

**Other Authorities**

Federal Rule of Appellate Procedure
  6...............................................................................................................7
  30.............................................................................................................8

Appellee Richard Arrowsmith, in his capacity as Liquidating Trustee of the HDL Liquidating Trust (the "**Liquidating Trustee**"), appointed pursuant to the confirmed Modified Second Amended Plan of Liquidation of Health Diagnostic Laboratory, Inc. and its affiliated debtors and debtors-in-possession (the "**Debtors**," or "**HDL**") in their jointly administered bankruptcy cases, submits this reply in support of his motion to dismiss (the "**Motion to Dismiss**")[1] the appeal by appellant G. Russell Warnick ("**Appellant**"), and response to Appellant's motion for leave to file statement of issues and record designations out of time (the "**Motion for Leave**"), and respectfully represents as follows:

## ARGUMENT

### I.  APPELLANT LACKS STANDING TO PROSECUTE THIS APPEAL

1. It is well-settled that a remote, unquantified possibility of future impact on a party's rights does not make such party a "person aggrieved" with standing to file a bankruptcy appeal. Standing in bankruptcy cases is purposefully limited in order to address the concern that "bankruptcy litigation will become mired in endless appeals brought by a myriad of parties who are indirectly affected by every bankruptcy court order." *Kane v. Johns-Manville Corp.*, 843 F.2d 636, 642 (2d Cir. 1988).

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion to Dismiss.

2. This bankruptcy litigation has become mired in an appeal by a party who cannot show that the 9019 Order had *any* affect upon his rights, let alone an indirect one. Indeed, the only conceivable effect that the Bankruptcy Court's 9019 Order could have on Appellant is entirely speculative and prospective in nature. Specifically, Appellant argues that the 9019 Order limits his ability to pursue contribution claims against LeClairRyan in the future under section 8.01-35.1 of the Virginia Code. *See* Opp. at 10. However, there is no current dispute or controversy between Appellant and LeClairRyan that could implicate Appellant's contribution rights. Such a dispute may never arise.

3. This Court should decline Appellant's invitation to render an advisory opinion regarding a controversy that is entirely theoretical and may never come to pass. *See United States v. Blair*, 661 F.3d 755, 773 (4th Cir. 2011) ("[R]endering advisory opinions on cases not before us is not the office of this court."); *In re Urban Broad. Corp.*, 401 F.3d 236, 245 (4th Cir. 2005) (dismissing bankruptcy appeal where appellant only identified possible future impact on his rights because "it is not the responsibility of the district court, nor this court, to predict the *res judicata* effect of its orders on a hypothetical future case").

4. Appellant's opposition admits, and emphasizes, the prospective nature of his appeal. Appellant clings to the District Court's comment, made at the outset of oral argument, where the District Court expressed concern "that at some point in the **future** somebody is going to use the [9019 Order] to say that [section] 8.01-35.1

2

means that LeClairRyan is off the hook for claims that might come in the **future**." Opp. at 3 (emphasis added). In so doing, Appellant mischaracterizes the import of the District Court's concerns, which plainly support the Liquidating Trustee's position that any impact on Appellant's rights is merely theoretical.[2]

5.      Moreover, while repeatedly emphasizing that "a court speaks through its order, not through its written or oral opinions,"[3] Appellant entirely ignores the District Court's Order, which modified the 9019 Order by providing that "[t]o resolve any doubt, the [9019 Order] does not pre-adjudicate the applicability of Virginia Code § 8.01-35.1 to any claims that the appellants or anyone else may one day bring against LeClairRyan."  The Order, which is binding on all parties to the appeal, including LeClairRyan, granted Appellant the very protections he continues to seek and removed any concerns about the future impact of the 9019 Order. As a result, it is inconceivable that LeClairRyan could ever argue that the 9019 Order impacts Appellant's contribution rights against it.

6.      Based on orders entered below, there exists no live controversy in this appeal. Appellant's future contribution rights against LeClairRyan remain

---

[2]  As two courts have now held, nothing in the 9019 Order affected Appellant's contribution rights against LeClairRyan if a dispute or controversy arises in the future. Both the Bankruptcy Court and District Court held that as a matter of bankruptcy law, the settlement between the Liquidating Trustee and LeClairRyan could not impair the individual rights of non-parties to the settlement.

[3] Opp. at 14.

3

unaffected, and he has, therefore, failed to meet his burden of demonstrating he is a person aggrieved by the 9019 Order. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (the party seeking to exercise jurisdiction in his favor must "clearly allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute.").

## II.     THE APPEAL IS EQUITABLY MOOT

7.     Even if Appellant had standing to bring this appeal, the appeal is equitably moot under this Court's *Mac Panel* test because (i) Appellant failed to seek a stay; (ii) the LeClairRyan Settlement was fully consummated; (iii) unraveling the LeClairRyan Settlement would result in additional litigation and expense, all to the detriment of creditors; and (iv) undoing the LeClairRyan Settlement would adversely affect the rights of third-parties on remand. *See Mac Panel Co. v. Virginia Panel Corp.,* 283 F.3d 622, 625 (4th Cir. 2002).

8.     In response, Appellant argues only that the LeClairRyan Settlement was not substantially consummated because "the Trustee and LeClairRyan deliberately engineered the Settlement Agreement to be ineffectual until the Trustee obtains a final order approving it, if he ever does." Opp. at 17.

9.     This argument exposes Appellant's fundamental misunderstanding of the LeClairRyan Settlement and its operative terms. All aspects of the LeClairRyan Settlement, including mutual releases and covenants, became fully effective either upon execution or the Liquidating Trustee's receipt of the settlement payment and

4

inure to the specific benefit of Appellee, LeClairRyan, and LeClairRyan's various insurers. *See* Motion to Dismiss, Ex. A, at ¶¶ 7, 8-9, 13-14. While the settlement agreement requires the Liquidating Trustee to hold the settlement payment in a segregated account pending the final disposition of any appeal, *see id.* ¶ 7, that provision has no effect on the finality of the 9019 Order or consummation of the LeClairRyan Settlement.

10. Because Appellant is too narrowly focused on the financial terms of the LeClairRyan Settlement to recognize the entire deal structure, he fails to respond to the Liquidating Trustee's argument that undoing the settlement would require the Liquidating Trustee to incur significant expense and face uncertainty either litigating claims against LeClairRyan or negotiating a new settlement agreement. It would also require the Liquidating Trustee to completely re-evaluate his claims in his Omnibus Complaint, disrupting his prosecution of that action and adversely affecting the rights of the defendants. Accordingly, the third and fourth *Mac Panel* factors weigh heavily in favor of dismissal based upon the unique circumstances of these cases and the adverse effects of unraveling the LeClairRyan Settlement on third parties.

11. Dismissal of the appeal comports with the doctrinal intent of equitable mootness in ensuring the finality of complex bankruptcy settlements in the face of self-interested objections, such as those of Appellant. *Accord In re Tribune Media Co.,* 799 F.3d 272, 288-89 (3d Cir. 2015) (Ambro, J., concurring) ("Without

5

equitable mootness, any dissenting creditor with a plausible (or even not-so-plausible) sounding argument against plan confirmation could effectively hold up emergence from bankruptcy for years (or until such time as other constituents decide to pay the dissenter sufficient settlement consideration to drop the appeal), a most costly proposition.").

12. Appellant offers no response to the long line of decisional authority holding that appeals are equitably moot where they seek a "partial unwinding" of a settlement agreement. *In re JMC Memphis, LLC*, 655 F. App'x 802, 805 (11th Cir. 2016); *Musilino v. Ala. Marble Co. (In re Ala. Marble Co.)*, 534 B.R. 820, 832-33 (N.D. Ala. 2015) (holding that a "Settlement Agreement must stand or fall as a whole; that is, it must remain intact or be completely unwound"), *aff'd*, 628 F. App'x 746 (11th Cir. 2016).

13. Appellant admits that, through this appeal, he seeks to modify a single component of the complex LeClairRyan Settlement. *See* Opp. at 11 (conceding that he "does not challenge the Settlement in its entirety"). As a result, the appeal is equitably moot because Appellant's requested relief – to re-write a single aspect of the LeClairRyan Settlement – would necessitate a restructuring of the entire settlement agreement on remand. That, in turn, would "reform the parties' Settlement Agreement to reflect an agreement that no party intended or contemplated." *Musilino*, 534 B.R. at 831. It is beyond question that appellate

6

jurisdiction cannot be used to prosecute an appeal for the sole purpose of partially re-writing a settlement to which an appellant is not a party.

### III. APPELLANT'S MOTION FOR LEAVE TO FILE STATEMENT OF ISSUES AND RECORD DESIGNATIONS OUT OF TIME SHOULD BE DENIED

14. In response to the Motion to Dismiss, Appellant filed the Motion for Leave, arguing that his failure to timely file the record designation was due to an unspecified "unintentional misunderstanding regarding the intended purpose and effect of the Court's Docketing Order, Dkt. No. 2." Opp. at 19. This explanation reveals a negligent disregard of Federal Rule of Appellate Procedure 6 and does not present a "compelling reason[] for . . . delay in filing [the] designation." *See In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992) (dismissing appeal where appellant filed designation fifteen days late, never asked for an extension before the time to file had passed, and rejecting appellant's explanation that "its attorney was out of the country"). Thus, the first (negligence) and second (notice and opportunity to explain delay) factors of this Court's test for dismissal of an appeal based upon failure to file a record designation have been met. *Accord In re SPR Corp.,* 45 F.3d 70 (4th Cir. 1995).

15. As to the third and fourth factors (prejudice and the impact of the sanction and any possible alternatives), Appellant's failure to file the record designation prejudiced the Liquidating Trustee and the creditors in the bankruptcy cases by creating additional and unwarranted delay. Although Appellant's brief is due to be

7

filed on November 1, 2017, his failure to designate the record has created procedural uncertainty regarding preparation of the appendix and has prevented this action from proceeding in the normal course of time established by applicable rules.

16. Specifically, Federal Rule of Appellate Procedure 30(b)(1) requires Appellant to serve on the Liquidating Trustee and LeClairRyan the designation of the parts of the record he intends to include in the appendix that will be presented to this Court within "14 days after the record is filed." Then, the appellees would have 14 days thereafter to "serve on the appellant a designation of additional parts to which it wishes to direct the court's attention." *See id.* Since Appellant failed to timely file the record designation in the first place, the District Court has not made the record available and these deadlines have not been triggered. The consequence of Appellant's failure will be increased expense for all parties and possible delay in the filing of the appendix.

17. Given the frivolous nature of the appeal, dismissal is the appropriate sanction for Appellant's negligent disregard of the rules. *See In re Weiss*, 111 F.3d 1159, 1173 (4th Cir. 1997) (affirming the district court's dismissal of appellant's bankruptcy appeal for failure to timely file a brief based, in part, upon prejudice to the "debtors and creditors of the bankrupt estate"); *Haver v. Jahanian*, No. 1:11-CV-723, 2011 WL 5196506, at *4 (E.D. Va. Oct. 31, 2011) ("Appellees have been prejudiced by the unnecessary delay in the resolution of [the] bankruptcy proceedings."), *aff'd*, 479 F. App'x 451 (4th Cir. 2012).

## CONCLUSION

For these reasons, the Liquidating Trustee respectfully requests that the Court enter an order dismissing the appeal, denying the Motion for Leave, and granting such further relief as it deems just and proper.

Dated: October 9, 2017

*/s/ Cullen D. Speckhart*
Cullen D. Speckhart (VSB No. 79096)
**WOLCOTT RIVERS GATES**
919 E. Main Street, Richmond, VA 23219
200 Bendix Road, Ste. 300 Virginia Beach, VA 23452
Telephone: (757) 497-6633
Direct: (757) 470-5566
Email: cspeckhart@wolriv.com

Richard S. Kanowitz (admitted)
Evan M. Lazerowitz (admitted)
**COOLEY LLP**
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Email: rkanowitz@cooley.com
Email: elazerowitz@cooley.com

*Counsel to Richard Arrowsmith, Liquidating Trustee of the HDL Liquidating Trust*

*Counsel to Richard Arrowsmith, Liquidating Trustee, and the Liquidating Trust Oversight Committee.*

9

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), the undersigned hereby certifies that:

1. This reply and response complies with the type-volume limitation of Fed. R. App. P. 27(d)(2), because, excluding the accompanying documents authorized by Fed. R. App. P. 27(a)(2)(B), this reply and response contains 1903 words.

2. This reply and response complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced 14-point Times New Roman font using Microsoft Word.

Dated: October 9, 2017

*/s/ Cullen D. Speckhart*
Cullen D. Speckhart (VSB No. 79096)
**WOLCOTT RIVERS GATES**
919 E. Main Street, Richmond, VA 23219
200 Bendix Road, Ste. 300 Virginia Beach, VA 23452
Telephone:  (757) 497-6633
Direct:              (757) 470-5566
Email:        cspeckhart@wolriv.com

Richard S. Kanowitz (admitted)
Evan M. Lazerowitz (admitted)
**COOLEY LLP**
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Email: rkanowitz@cooley.com
Email: elazerowitz@cooley.com

*Counsel to Richard Arrowsmith, Liquidating Trustee of the HDL Liquidating Trust*

*Counsel to Richard Arrowsmith, Liquidating Trustee, and the Liquidating Trust Oversight Committee.*